UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOEL W. PETTY and VIRGINIA S. PETTY, husband and wife,<br><br>                Plaintiffs,<br><br>   v.<br><br>BONNER COUNTY, a municipal corporation; BONNER COUNTY SHERIFF'S OFFICE, a Division of Bonner County; ELAINE SAVAGE, former Sheriff of Bonner County, and JOHN DOE SAVAGE, her husband; CLINT MATTINGLEY and JANE DOE MATTINGLEY, his wife,<br><br>                Defendants. | Case No. 2:10-cv-122-EJL-CWD<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

      This matter is before the Court on Defendants' motion to dismiss Plaintiffs' state law claims, (Dkt. 24), and Plaintiffs' motion to strike Defendants' motion to dismiss, (Dkt. 26). Given the relationship between the motions, Defendants' motion to dismiss was referred to the undersigned Magistrate Judge by District Judge Edward J. Lodge so that both motions may be considered together. Following an expedited briefing schedule, the Court heard arguments on the parties' motions on March 29, 2011. For the reasons discussed below, the Court will deny Plaintiffs' motion to strike and recommend that Defendants' motion to dismiss Plaintiffs' state law claims be granted.

**REPORT AND RECOMMENDATION AND ORDER - 1**

# FACTS AND PROCEDURAL BACKGROUND

Plaintiff Joel Petty ("Plaintiff") was arrested by Deputy Clint Mattingley of the Bonner County Sheriff's Office on March 8, 2008, for driving under the influence of alcohol. On September 8, 2011, Plaintiff filed a Notice of Claim and Injury with the Bonner County Deputy Clerk alleging injuries inflicted by Deputy Mattingley and the Bonner County Sheriff's Office on the day of the arrest. (Aff. of Carolyn Brackett in Supp. of Def.s' Mot. to Dismiss, Dkt. 24-2.) Plaintiff does not dispute that the Notice of Claim and Injury was filed 184 days after the date of his arrest.

On March 5, 2010, Plaintiff and his wife filed this lawsuit against Bonner County, the Bonner County Sheriff's Office, and other Bonner County officials alleging various constitutional violations related to his arrest pursuant to 42 U.S.C. § 1983. (Dkt. 1.) Plaintiffs' Complaint also alleges several tort claims under Idaho state law, including assault and battery, negligence and gross negligence, and infliction of emotional distress. (Dkt. 1, ¶¶ 4.13-4.16.)

On June 9, 2010, Judge Lodge entered a Scheduling Order setting the deadline for all pre-trial motions, including dispositive motions, for January 31, 2011. (Dkt. 13.) On February 28, 2011, Defendants filed their motion to dismiss Plaintiffs' state law claims. (Dkt. 24.) The motion was filed approximately one month after the deadline for dispositive motions and it is undisputed that Defendants did not seek or receive an extension of time from the Court prior to filing the motion. In their motion, Defendants argue that, under the Idaho Tort Claims Act, Idaho Code § 6-901 *et seq.*, all tort claims

against a political subdivision, or an employee thereof, must be presented to and filed with the clerk of the political subdivision within 180 days from the date that the claim arose. (Mem. In Supp. of Def.s' Mot. to Dismiss, Dkt. 24-1 (citing Idaho Code § 6-906)). Defendants further argue that, under the Act, the failure to comply with the above notice requirement results in mandatory dismissal of all claims brought under the Act. In response, Plaintiffs filed a motion to strike Defendants' motion to dismiss, (Dkt. 26), arguing that Defendants' motion is improperly before the Court because it was filed after the deadline for dispositive motions. (Pl.s' Mem. In Supp. of Mot. to Strike, Dkt. 28.)

## DISCUSSION

Because Plaintiffs allege violations of state law against a governmental entity (Bonner County) and its employees, the Idaho Tort Claims Act is applicable. The Idaho Tort Claims Act generally waives sovereign immunity and subjects governmental entities to liability for damages "arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment." Idaho Code § 6-903. This abrogation of immunity, however, is not absolute and the Idaho legislature has placed various restrictions on claims under the Act.

Under § 6-908 of the Act, entitled "Restriction on allowance of claims," "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." The Act contains two time limitations: one during which the claimant must give notice to the governmental entity of the claim, Idaho Code § 6-906, and the second during which the

**REPORT AND RECOMMENDATION AND ORDER - 3**

claimant must bring his or her action in court, Idaho Code § 6-911.

Section 6-906, which Defendants raise in their motion to dismiss, provides:

> *All claims against a political subdivision arising under the provisions of this act* and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment *shall be presented and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose* or reasonable should have been discovered, whichever is later.

Idaho Code § 6-906 (emphasis added).

Defendants argue that, because Plaintiffs' notice of claim was given to the county outside of the 180 day limit set forth in § 6-906, all of Plaintiffs' state law claims arising under the Idaho Tort Claims Act must be dismissed. Plaintiffs concede that notice was given four days late, but respond with two arguments. First, Plaintiffs argue that Defendants' motion to dismiss, predicated on § 6-906, was not filed within the deadline for dispositive motions and should not, therefore, be considered by the Court. Second, Plaintiffs argue that, even if the Court does not strike the motion to dismiss, Plaintiffs' state law claims are not barred under the Idaho Tort Claims Act because Plaintiffs "substantially complied" with the notice requirements contained in the Act. For the reasons discussed below, however, the Court finds Plaintiffs' state law claims are barred.

The Idaho Supreme Court has made clear that "[c]ompliance with the Idaho Tort Claims Act's notice requirement is a *mandatory condition precedent to bringing suit*, the failure of which is fatal to a claim, no mater how legitimate." *McQuillen v. City of*

*Ammon*, 113 Idaho 741, 744 (1987) (emphasis added). This language makes clear that § 6-906 is a substantive jurisdictional limitation rather than a procedural statute of limitations. See 51 Am. Jur. 2d Limitation of Actions § 32 ("when a time period is a *condition precedent* to a plaintiff's right to seek a remedy, the time period is jurisdictional.") (emphasis added). The difference is significant. "A jurisdiction limitation period is an absolute requirement; unlike a statute of limitations, a jurisdiction limitations period is not an affirmative defense subject to waiver or estoppel." 51 Am. Jur. 2d § 30 ("When a statute–sometimes referred to as a 'nonclaim statute'–creates a right that was unknown at common law [such as a statutory abrogation of sovereign immunity] and also establishes a time period within which the right may be asserted, the time limit is a substantive provision which qualifies the right and is a condition attached to the right. Thus, a nonclaim statute deprives the court of jurisdiction if the claim is not timely filed.").

The Idaho Court of Appeals has reaffirmed the proposition that the notice requirement contained in the Idaho Tort Claims Act is a jurisdictional limitation. In *Udell v. Idaho State Board of Land Commissioners*, 119 Idaho 1018 (Ct. App. 1991), the plaintiffs brought a tort action against the governmental entity for intentional interference with a contract. Following a trial, the district court found that the plaintiffs had not filed a notice of tort claim as required by the Tort Claims Act and dismissed the claims. On appeal, the plaintiffs argued that the state waived the defense of non-compliance with the Tort Claims Act because is was not asserted in the defendants' answer and only raised

**REPORT AND RECOMMENDATION AND ORDER - 5**

later by motion. The court of appeals disagreed, stating that "[o]nce it was determined that the [plaintiffs] had not filed the prerequisite notice, dismissal of the action by the district court was mandated by the Act." *Id*. at 1020. More importantly for the purposes of this case, the Idaho Court of Appeals stated that, "[i]f the State is immune from liability because of a failure by the claimant to comply with the notice requirements of the Tort Claims Act, that immunity may be raised at any time." *Id*.

The effect of a claimant's failure to comply with the notice requirement contained in § 6-906 is straight forward; it is an absolute bar to an action sounding in tort against a governmental entity for violation of Idaho state law. See *Mallory v. City of Montpelier*, 126 Idaho 446, 448 (Ct. App. 1994) (affirming trial court's dismissal of state law claims where plaintiff filed notice of claim 182 days after the incident occurred). The Court notes, however, that counsel for Defendants in this case has not asserted "good cause" for failing to file Defendants' motion to dismiss within the deadline set in the scheduling order. Rather, counsel advised the Court during the hearing on the motions, that the failure to move the Court for dismissal of Plaintiffs' state law claims in a timely manner was due to an "oversight." Notwithstanding the absence of good cause, the Court cannot recommend asserting jurisdiction where none exists.

Plaintiffs also argue that their state law claims are not barred, because they meet the "substantial compliance" exception to the notice of claim requirement contained in Idaho Tort Claims Act. More specifically, Plaintiffs assert that their notice substantially complied with the notice requirement because it was filed only 96 hours late and because

**REPORT AND RECOMMENDATION AND ORDER - 6**

Mr. Petty was either misled or misinformed by the claim form provided to him by Bonner County which did not inform him of the 180-day notice requirement. The substantial compliance exception is derived from § 6-907 of the Idaho Tort Claims Act, which governs the contents of claims filed with governmental entities, and states in relevant part that "[a] claim filed under the provisions of this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby." The language of the provision expressly applies to the *contents of a claim*. It does not provide an exception to the *time* in which notice must be filed and Plaintiffs have provided no precedent suggesting otherwise.

Plaintiffs concede that Mr. Petty's notice of claim was filed outside of the 180 day notice requirement contained in § 6-906 of the Idaho Tort Claims Act. Under Idaho law, the Court must recommend that Plaintiffs' state law claims be dismissed. Plaintiffs' federal constitutional claims remain unaffected by this recommendation. See *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1479 n. 9 (9th Cir. 1993) (affirming the federal district court's dismissal of state law claims for failing to file timely notice under the Idaho Tort Claims Act, but allowing the federal constitutional claims to move forward on the merits).

## RECOMMENDATION AND ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS NOW THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss

**REPORT AND RECOMMENDATION AND ORDER - 7**

State Law Claims (Dkt. 24) be **GRANTED**; and

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Defendants' Motion to Dismiss State Law Claims (Dkt. 26) is **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 30, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge