UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOEL W. PETTY and VIRGINIA S. PETTY, husband and wife,<br><br>                Plaintiffs,<br><br>   v.<br><br>BONNER COUNTY, a municipal corporation; BONNER COUNTY SHERIFF'S OFFICE, a Division of Bonner County; ELAINE SAVAGE, former Sheriff of Bonner County, and JOHN DOE SAVAGE , her husband; CLINT MATTINGLEY and JANE DOE MATTINGLEY, his wife,<br><br>                Defendants. | Case No. 2:10-CV-00122-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On March 30, 2011, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation (Docket No. 40) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation. The Court reviewed the Report and Recommendation and finds it well-founded in the law in which it applies to the undisputed facts in this case. The Court does note one minor correction of what appears to be a typographical error in the Report and Recommendation. In the second sentence on page two of the Report and Recommendation, which reads "On September 8, 2011 . . . ." The year referenced as 2011 should be 2008. This correction does not appear to make a difference to the

analysis in the Report and Recommendation since the date referred to is undisputed by the parties.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** the Report and Recommendation (Docket No. 40) shall be **INCORPORATED** by reference and **ADOPTED** and Defendants' Motion to Dismiss State Law Claims (Docket No. 24) is **GRANTED**.

DATED:  **April 19, 2011**

Honorable Edward J. Lodge
U. S. District Judge